J-S11007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                                          :

                 v.                                : 
                                          :

CALVIN MOORE III                       : 
                                          :

                Appellant               :    No. 347 WDA 2024

Appeal from the Order Entered February 5, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0015356-2018

BEFORE:  MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:              **FILED: March 26, 2025**

Calvin Moore, III (Appellant), appeals, *pro se*, from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously summarized the relevant factual history of this case:

> On December 1, 2018, at approximately 5[:00] p.m., Appellant visited his mother, Kathy McGee, at her home located at 2131 Webster Avenue in Pittsburgh.  Appellant demanded money from Ms. McGee, who had received a life insurance payment following the recent death of her husband.  Their dispute turned physical when Appellant began to choke Ms. McGee as she sat on the couch.  Appellant then struck [Ms. McGee] several times on her left side, dragged her off the couch by her leg, and struck her several more times on her leg.
>
> Ms. McGee fled to the neighboring home of Erastus Andrew, who assisted her in calling the police.  When the police responded, Ms. McGee described the assault upon her, and the police photographed her injuries.  Although the police briefly observed

Appellant inside Ms. McGee's home, he left the home before they could make contact with him.

Later that evening, at approximately 7[:00] p.m., Appellant returned to Ms. McGee's home.  She was asleep in her bedroom when Appellant woke her and said, "See, I could kill you and no one would ever know."  Ms. McGee again fled to Mr. Andrew's home.  On this occasion, Appellant followed her, forced his way into the home, and snatched [Mr. Andrew's] phone away from [Ms. McGee] as she tried to call the police.

Mr. Andrew demanded the return of his phone.  Appellant complied but threatened to kill Mr. Andrew if he again called the police.  Appellant then departed.  Mr. Andrew called the police, who responded to the scene and took statements from both Ms. McGee and Mr. Andrew.

At approximately 9:30 p.m., Appellant returned to Ms. McGee's home.  After kicking at her front door, Appellant was able to gain entry into the home through the back door.  Ms. McGee fled her home.  Appellant chased [Ms. McGee] down the street, grabbed her and dragged her back toward the home on her knees, and struck her in the face.  Several police officers responded to the scene, but did not apprehend Appellant.  The police observed fresh injuries to Ms. McGee, as well as damage to the front door of her home.  They arrested Appellant later that night.

*Commonwealth v. Moore*, 249 A.3d 1148, 352 WDA 2020 (Pa. Super. 2021)

(unpublished memorandum at 1-3).

After a bench trial in October 2019, Appellant was convicted of three counts of simple assault; two counts each of intimidation of a witness, terroristic threats, and criminal trespass; and one count of harassment.[1]  On January 28, 2020, the trial court sentenced Appellant to an aggregate 75 to

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1), 4952(a)(1), 2706(a)(1), 3503(a)(1)(ii), 2709(a)(1).

150 months in prison, followed by 5 years' probation. Appellant filed a direct appeal, raising a sole challenge to the weight of the evidence. This Court affirmed Appellant's judgment of sentence, and our Supreme Court denied allowance of appeal. *See id.*, 249 A.3d 1148 (unpublished memorandum), *appeal denied*, 269 A.3d 529 (Pa. 2021).

"In September, October and November 2022[, Appellant] filed a series of letters that were treated as *pro se* PCRA petitions."[2, 3] PCRA Court Opinion, 9/9/24, at 2. In the letters, Appellant generally "alleged that trial counsel was ineffective in failing to obtain or introduce into evidence medical records regarding his mother's mental health conditions that would have established that her testimony was not credible." *Id.* The PCRA court appointed Charles R. Pass, III, Esquire (Attorney Pass), to represent Appellant.

Attorney Pass subsequently requested permission to withdraw from representation pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa.

---

[2] "The PCRA is intended to be the sole means of achieving post-conviction collateral relief." *Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022) (citation omitted); *see also id.* at 995 (stating that "regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA.").

[3] Appellant's judgment of sentence became final in March 2022, when the time for filing a writ of *certiorari* in the United States Supreme Court expired. *See* U.S. SUP. CT. RULE 13. Thus, Appellant's *pro se* PCRA petitions were timely filed. *See* 42 Pa.C.S.A. § 9545(b)(1) ("Any petition under this subchapter … shall be filed within one year of the date the judgment becomes final").

1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[4] On January 17, 2023, after determining Attorney Pass had satisfied the **Turner**/**Finley** requirements, the PCRA court granted Attorney Pass's motion to withdraw as counsel.

In the same order, the PCRA court notified Appellant of its intent to dismiss his PCRA petition without a hearing, pursuant to Pa.R.Crim.P. 907. On January 18, 2023, Appellant filed a *pro se* response,[5] raising an additional claim that his direct appeal counsel was ineffective for failing to present a challenge to the discretionary aspects of his sentence.

On June 5, 2023, Appellant filed a *pro se* "Notice To Amend Post Conviction Relief Act." Therein, Appellant again asserted all prior counsel were ineffective for failing to obtain or present as evidence Ms. McGee's mental health records.

Later, on July 19, 2023, Appellant filed a *pro se* "Motion for Summary Judgement." Appellant requested the court grant him release for time served or otherwise amend his sentence.

On February 5, 2024, the PCRA court entered an order dismissing Appellant's PCRA petition, as well as his subsequent *pro se* filings (Notice to

_____

[4] Attorney Pass's motion to withdraw and **Turner**/**Finley** letter were filed in this Court as a supplemental record.

[5] The PCRA court characterizes Appellant's January 18, 2023, filing as a response to Attorney Pass's **Turner**/**Finley** letter, rather than as a response to its Rule 907 notice.

Amend and Motion for Summary Judgment). Appellant filed a *pro se* notice of appeal on March 18, 2024.[6] The PCRA court thereafter ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. Appellant did not file a concise statement.

Preliminarily, we must determine whether the instant appeal was timely filed. **See Commonwealth v. Pena**, 31 A.3d 704, 706 (Pa. Super. 2011) ("Timeliness of an appeal is a jurisdictional question."). Generally, a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903. Here, as Appellant filed his *pro se* notice of appeal beyond the 30-day deadline, the appeal is facially untimely.[7]

As with all orders, the clerk of courts is required to promptly serve a copy of an order dismissing a PCRA petition "on each party's attorney, **or the party if unrepresented**." Pa.R.Crim.P. 114(B)(1) (emphasis added). Rule 114 permits service on an unrepresented party by, *inter alia*, "certified, registered, or first class mail addressed to the party's place of …

---

[6] The notice of appeal bears a handwritten date of March 10, 2024. We note that, as Appellant is incarcerated, this appeal implicates the prisoner mailbox rule. **See** Pa.R.A.P. 121(f) (providing that a prisoner's *pro se* filing is "deemed filed as of the date of the prison postmark or date the filing was delivered to the prison authorities for purposes of mailing"). Nevertheless, based on our disposition, we need not undertake a lengthy analysis of this issue.

[7] On August 1, 2024, this Court issued a rule to show cause why the appeal should not be quashed as untimely filed. Order, 8/1/24. In response, Appellant stated he did not receive the PCRA court's dismissal order through the prison mail system until February 13, 2024. This Court subsequently discharged the rule to show cause and referred the matter to the merits panel.

confinement[.]" Pa.R.Crim.P. 114(B)(3)(v). Additionally, the clerk is required to promptly note on the docket the following information: (1) the date of receipt in the clerk's office of the court order; (2) the date appearing on the court order; and (3) the date of service of the court order. *See* Pa.R.Crim.P. 114(C)(2).

Instantly, the docket reflects the PCRA court's dismissal order was served on the District Attorney's Office, Appellant's trial counsel, and Appellant's direct appeal counsel. The docket does not indicate service of the order on Appellant. As Appellant is unrepresented for the instant appeal, the clerk's failure to serve Appellant with a copy of the order—and note that service on the docket—was error. Under these circumstances, we may find a breakdown in the court processes. We therefore decline to quash Appellant's appeal as untimely. *See Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000) (where the docket did not indicate the clerk of courts furnished the order to the appellant, "we assume the period for taking an appeal was never triggered and the appeal is considered timely.").

We next address Appellant's failure to file a court-ordered Rule 1925(b) concise statement. When a PCRA court orders an appellant to file a Rule 1925(b) concise statement, he must comply to preserve his claims for appeal. *See Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005); *see also* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement … are waived."). However, like the dismissal order, the docket does not indicate

that Appellant, an unrepresented party, was served with a copy of the concise statement order. As a result of this failure to comply with Pa.R.Crim.P. 114, we cannot ascertain when, if ever, Appellant received the concise statement order. We therefore decline to find waiver on this basis. ***See Commonwealth v. Chester***, 163 A.3d 470, 472 (Pa. Super. 2017) (declining to deem the appellant's issues waived for failure to file a court-ordered Rule 1925(b) concise statement, where there was no indication in the record that service was effectuated); ***see also Commonwealth v. Hess***, 810 A.2d 1249, 1255 (Pa. 2002) ("Appellant cannot be penalized for failing to file a timely 1925(b) statement" where the docket does not indicate the date or manner of service).

Having addressed the preliminary procedural issues, we proceed to the merits of Appellant's claim. Appellant argues trial counsel[8] was ineffective for failing to present Ms. McGee's mental health records as impeachment evidence during trial. Appellant's Brief at 11 (unnumbered). According to Appellant, the records were "paramount" to his defense, and would have bolstered his own account of the incidents. ***Id.*** (unnumbered).

---

[8] In his statement of questions involved, Appellant challenges PCRA counsel's (Attorney Pass) effectiveness. ***See*** Appellant's Brief at 2 (unnumbered). In accordance with ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), Appellant is permitted to raise an argument that Attorney Pass was ineffective for failing to challenge trial counsel's ineffectiveness on his behalf. ***Bradley***, 261 A.3d at 401 ("[A] PCRA petitioner may, after a PCRA court denied relief[,] … raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.").

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

Preliminarily, we presume that counsel is effective, and the appellant bears the burden of proving otherwise. ***See Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012). The appellant must demonstrate that: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." ***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted). Failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. ***See Commonwealth v. Roane***, 142 A.3d 79, 88 (Pa. Super. 2016) (citation omitted).

Appellant's single-page argument is comprised of bald assertions that Ms. McGee's mental health records were necessary to impeach her testimony. Appellant does not specifically address the three prongs of the ineffectiveness test. ***See id.***; ***see also Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) ("A PCRA petitioner must address each of [the ineffectiveness test] prongs on appeal."). Further, Appellant failed to support his argument with citation to and discussion of relevant legal authority. ***See*** Pa.R.A.P. 2119(a)

(providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005). Accordingly, Appellant's claim is waived. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); ***Commonwealth v. Bracey***, 795 A.2d 935, 940 n.4 (Pa. 2001) (stating that "an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [an a]ppellant's burden of establishing that he is entitled to any relief.").

Even if Appellant had properly developed his sole issue for review, we would conclude that it lacks merit for the reasons set forth by the PCRA court:

> While the records establish that [Ms. McGee] had a history of mental health issues and substance addictions, there is nothing in the records that indicated that she would not have been capable of providing credible testimony regarding the attacks by [Appellant]. In fact, a record of April 23, 2018[,] states: "[Ms. McGee] appeared to be alert and oriented. She presented as open and honest in session. She was insightful and seemed to be motivated and committed to treatment." A detailed review of all of the records does not establish that there was any prejudice to [Appellant] by [trial counsel's] failing to present the records proffered by [Appellant].
>
> In addition to [Ms. McGee's] testimony, there was substantial corroborative evidence regarding the attacks. As

- 9 -

noted in [the trial court's Rule] 1925[(a)] Opinion filed [in connection with Appellant's direct] appeal challenging the weight of the evidence:

> [Ms.] McGee's testimony was consistent and credible regarding [Appellant's] attacks on her that day. In addition, contrary to the assertion that [Ms.] McGee's testimony was the "only evidence implicating" [Appellant], [**Ms.**] **McGee's testimony was corroborated by the testimony of** [**Mr. Andrew**]**, the police officers, the photographs and the physical evidence**, including the damage to the front door of [Ms.] McGee's home. In fact, as noted at the time of the verdict, portions of [Appellant's] testimony regarding the events that day [were] simply incredible and not worthy of belief…. (Opinion, 6/22/20, p. 7).

Therefore, [Appellant] failed to allege or prove that [trial] counsel was ineffective in failing to obtain [or] present medical records regarding [Ms. McGee].

PCRA Court Opinion, 9/9/24, at 6 (emphasis added).[9]

Based upon the foregoing, the PCRA court did not err in dismissing Appellant's PCRA petition.

Order affirmed.

_____

[9] Because we would conclude Appellant's challenge to trial counsel's effectiveness lacks merit, we would likewise conclude Appellant's layered claim that PCRA counsel was ineffective for failing to challenge trial counsel's stewardship lacks merit. *See Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa. Super. 2010) ("In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.").

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/26/2025